IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN MONK,

        Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

        Defendant.

Case No. 3:25-CV-1257-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendant Lowe's Home Centers, LLC (hereinafter "Lowe's").[1] (Doc. 11). After *pro se* Plaintiff Kevin Monk's response deadline passed, Lowe's filed a Notice of Non-Opposition. (Doc. 12). Monk filed a "Motion to Reinstate."[2] (Doc. 13). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

According to Monk's complaint—the allegations in which are taken as true for the purposes of the motion to dismiss—he was called an extremely racist epithet by his supervisor at Lowe's three times. (Doc. 3, at 6). He brought his objections to a manager

---

[1] Defendant is incorrectly named "Lowe's Home Improvement" in the original complaint. (Doc. 11, at 1 n.1). The Clerk's Office is DIRECTED to correct Defendant's name to Lowe's Home Centers, LLC, as reflected in the above caption.

[2] It appears that, at the time he filed his motion, Monk believed this Court had already dismissed his complaint. (*See* Doc. 13). In keeping with the rule that courts are to construe *pro se* claims generously, *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014), the Court treats Monk's motion to reinstate as a response to the motion to dismiss.

but was fired in retaliation. *Id.*

Monk filed a complaint alleging the above on June 18, 2025. In response to the complaint, Lowe's filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Monk had failed to allege that he had exhausted his administrative remedies and thus had failed to state a claim under either Title VII of the Civil Rights Act or the Illinois Human Rights Act (IHRA). (Doc. 11).[3] When Monk did not respond within the deadline, Lowe's filed a "notice of non-opposition," urging this Court to dismiss Monk's complaint on the basis of his failure to respond. (Doc. 12).

Monk then filed a motion asking this Court to "reinstate" his complaint under Rules 59 or 60 of the Federal Rules of Civil Procedure. (Doc. 13). In this motion, Monk alleges that he filed a case related to this incident with the Equal Employment Opportunity Commission (EEOC) within the time limit. *Id.* at 1. However, the motion still does not address whether the administrative proceedings at the EEOC were exhausted.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege

---

[3] Lowe's also makes the factual allegation that Monk could not now cure any failure to exhaust his administrative remedies, as the statutory time limits for beginning the process have now expired. (Doc. 11, at 5). To support this claim, Lowe's provides a declaration by one of its employees "who is familiar with when charges are filed against Lowe's." *Id.* In the declaration, the employee avers that Lowe's never received notice of any action by Monk aside from the instant suit. (Doc. 11-1, at 2–3). However, as explained below, Monk fails to even allege exhaustion, which warrants dismissal of his claims. In reaching this conclusion, the Court has therefore considered neither the factual allegations made by Lowe's nor its employee's declaration. *See also Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) ("In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion.").

enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555.

In deciding a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (cleaned up).

Title VII prohibits employers from discriminating against employees because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e *et seq*. The IHRA prohibits employers from engaging in unlawful discrimination, as well. 775 ILCS 5/1-101 *et seq*. Before a plaintiff may file a Title VII or IHRA claim, he must first exhaust his administrative remedies by filing a Charge of Discrimination and receiving a "right-to-suee" letter.[4] *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). "After doing so, a plaintiff filing suit in federal court 'may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)); *see also Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th

---

[4] "The EEOC and the IDHR 'have a work sharing arrangement providing that a charge filed with one is deemed cross-filed with the other.'" *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019) (quoting *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 902–03 (N.D. Ill. 2011)).

Cir. 2019) ("In general, a plaintiff can only bring claims under Title VII or the IHRA that he has included in the original charge filed with the [EEOC] or the IDHR."). This requirement allows the agency and the employer to settle the matter and ensures the employer has adequate notice of the alleged conduct. *Id.* (citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009)).

In his complaint, Monk does not allege that he received a right-to-sue letter from either the EEOC or the IDHR. (*See* Docs. 3, 13). This mandates dismissal, as the right-to-sue letter is a "prerequisite" for bringing claims under either statute. *See, e.g.*, *Chaidez*, 937 F.3d at 1004; *Anderson v. United Airlines*, 140 F.4th 385, 390 (7th Cir. 2025); *Worth v. Tyler*, 276 F.3d 249, 259 (7th Cir. 2001) ("[A] complaint may be deficient and subject to dismissal if the plaintiff lacks a right-to-sue letter.").

That being said, the Court is mindful of Monk's *pro se* status. If Monk indeed filed a charge with the EEOC within the required time period, as he claims in his motion (Doc. 13, at 1), it is possible that he has received or will receive a right-to-sue letter and thereby cure his deficient complaint, *see Worth*, 276 F.3d at 259 (explaining that receipt of such a letter after initiating suit can cure the deficiency). As such, the dismissal is without prejudice.

Furthermore, the Court grants Monk leave to amend his complaint within thirty days. He should attach any right-to-sue letter he has received from the EEOC, and the Court encourages Monk to review the Court's resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. If Monk does not amend his complaint within thirty days, the Court may dismiss this case with

prejudice.

## CONCLUSION

For these reasons, the Motion to Dismiss Plaintiff's Complaint filed by Defendant Lowe's Home Centers, LLC (Doc. 11) is **GRANTED.** Plaintiff Kevin Monk's Complaint (Doc. 3) is **DISMISSED without prejudice**. Monk is **GRANTED** leave to amend his Complaint on or before **December 1, 2025**. If Monk fails to file an Amended Complaint by December 1, 2025, this entire case may be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:   October 28, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**